IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PARIS INMAN-CLARK,** | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| v. | : | No. 19-cv-4717 |
| **THE NEIMAN MARCUS GROUP LLC and THE NEIMAN MARCUS GROUP LTD LLC.** | : | |
| *Defendants.* | : | |

## ORDER

**AND NOW,** this 2nd day of December, 2024, upon consideration of Defendant Neiman Marcus's Motion for Sanctions for Failing to Comply with the Court's October 1, 2024 Order Regarding Sara Ford (ECF No. 173), Plaintiff's Response in Opposition and the Reply and Sur-Reply of both Parties, I find the following:

1. Defendant seeks to sanction Plaintiff for her alleged failure to disclose the calculations and methodology used by her vocational expert, Sara Ford, "for extracting, analyzing, and calculating the ACS data," which was used to formulate her opinions on Plaintiff's worklife expectancy and lost earnings by precluding Ford's testimony at trial.

2. Defendants made this same argument in support of their Motion in Limine to Preclude Ford's Opinions and Testimony which I denied on October 1, 2024. In that Order, I directed Plaintiff to "produce . . . the mechanics of Ford's calculations in such a fashion that her 'methodology for extracting, calculating and analyzing' the ACS census data is clear," after receipt

of which "Defendant may take Ford's deposition for the limited purpose of discovering this methodology." (Order of Oct. 1, 2024, ECF No. 165).

3. I find that Ford has satisfied this directive. (See e.g., Affidavit of Sara Ford dated October 10, 2024, Ex. 6 to Plaintiff's Resp. in Opp. to Defs.' Mot. for Sanctions, ECF No. 176-7). Defendants are free to depose Ford in advance of trial, provided there is no delay in its commencement.

BY THE COURT:

*/s/  Mitchell S. Goldberg*
_____
**Mitchell S. Goldberg,   J.**